**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC B. JACKSON, CDCR #AC2623<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>Defendants. | Civil No. 10cv0325 MMA (CAB)<br><br>**ORDER:**<br><br>**(1) DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & 1915A(b); and**<br><br>**(2) DISMISSING ACTION FOR FAILING TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES PURSUANT TO 42 U.S.C. § 1997e** |

**I.    Procedural History**

On February 8, 2010, Eric B. Jackson ("Plaintiff"), a state inmate currently incarcerated at the California Men's Colony in San Luis Obispo, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].  Plaintiff is alleging that his constitutional rights were violated when he was a pre-trial detainee housed at the George Bailey Detention

Facility. On April 15, 2010, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). On June 24, 2010, Plaintiff filed his First Amended Complaint ("FAC").

**II.     SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e) AND 1915A**

As the Court stated in its previous Order, the Prison Litigation Reform Act's ("PLRA") amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even presuming Plaintiff's allegations true, the Court finds his Complaint fails to state a claim upon

which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

### A. 42 U.S.C. § 1983

To state a claim under § 1983, Plaintiff must allege that: (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### B. Inadequate medical care claims

Throughout his First Amended Complaint, Plaintiff alleges that he was denied adequate medical care in violation of his constitutional rights. At the times alleged in his First Amended Complaint, it appears that Plaintiff was a pre-trial detainee housed at the George Bailey Detention Facility. He now appears to be housed as a state inmate at Centinela State Prison. *See* FAC at 1. The Ninth Circuit has noted that while different Constitutional provisions may be applied dependent on whether a plaintiff's claim arise before or after conviction, a "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment," and therefore, "the same standards apply." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *but cf. Gibson v. County of Washoe*, 290 F.3d 1175, 1188 n.10 (9th Cir. 2002) (noting that while the Court generally looks to Eighth Amendment cases when reviewing conditions of confinement claims raised by pretrial detainees under the Fourteenth Amendment, "[i]t is quite possible ... that the protections provided pretrial detainees by the Fourteenth Amendment in some instances exceed those provided convicted prisoners by the Eighth Amendment."); *see also Lolli v. County of Orange*, 351 F.3d 410, 419 n.6 (9th Cir. 2003) (quoting *Gibson*, 290 F.3d at 1188 n.10).

In order to assert a claim for inadequate medical care, Plaintiff must allege facts which are sufficient to show that each person sued was "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical

1 needs; neither an inadvertent failure to provide adequate medical care, nor mere negligence or
2 medical malpractice constitutes a constitutional violation. *Estelle*, 429 U.S. at 105-06.

3   Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an
4 objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of
5 comment, one which significantly affects his daily activities, or one which is chronic and
6 accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994);
7 and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual
8 Defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

9   Here, Plaintiff's allegations are insufficient to plead an inadequate medical care claim.
10 Plaintiff's claims against unnamed San Diego County Sheriff Deputies include the claim that
11 while he was transported to be seen by outside medical personnel he was "detained in another
12 facility for hours without medical assistance." FAC at 5. First, Plaintiff fails to identify the
13 individual Defendants. Second, the alleged delay of medical care for a few hours, without more,
14 is insufficient to find that Plaintiff has adequately stated a claim of "deliberate indifference"
15 against these unnamed Deputies. Plaintiff also alleges, at times, he was denied medication for
16 unspecified medical conditions by a variety of Defendants. However, there are no facts in the
17 First Amended Complaint from which the Court can determine whether he has suffered any
18 injury as a result of the Defendants' alleged delay in providing treatment. *See Shapley v. Nevada*
19 *Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (a prisoner can make "no claim
20 for deliberate medical indifference unless the denial was harmful.")

21   As the Court stated previously, Plaintiff fails to actually identify the *specific* serious
22 medical or dental need. Merely stating that he has a serious medical need, without identifying
23 the nature of that need, is insufficient for the Court to find whether or not Plaintiff has alleged
24 facts sufficient to show that he has a serious medical or dental need that a reasonable doctor
25 would think worthy of comment. *See Doty*, 37 F.3d at 546.

26   Moreover, as previously found by the Court in the April 15, 2010 Order, many of
27 Plaintiff's claims are merely a disagreement over the preferred course of treatment for his
28 unspecified medical and dental conditions. A mere difference of opinion between an inmate and

prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Accordingly, Plaintiff's First Amended Complaint must be dismissed for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § § 1915(e)(2) & 1915A(b)(1).

### III.   FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Finally, Plaintiff concedes in his First Amended Complaint that he failed to exhaust his administrative remedies prior to bringing this action on February 8, 2010. *See* FAC at 13. In fact, Plaintiff attaches copies of administrative grievances that are dated days *after* he signed and filed his original Complaint.

The PLRA amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516 (2002). "The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained," *Booth v. Churner*, 532 U.S. 731, 738 (2001), and "regardless of the relief offered through administrative procedures." *Id.* at 741. Moreover, the Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006) that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the court of its proceedings." *Id.* at 90. The Court further held that "[proper exhaustion] means ... a prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bring suit in federal court." *Id.*

The plain language of 42 U.S.C. § 1997e(a) provides that no § 1983 action "shall be *brought* . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The Ninth Circuit's decision in *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002) holds that prisoners who are incarcerated at the time they file a civil action

1 which challenges the conditions of their confinement are required to exhaust "all administrative
2 remedies as are available" as a mandatory precondition to suit. *See McKinney*, 311 F.3d at 1198;
3 *see also Perez v. Wis. Dep't of Corrections*, 182 F.3d 532, 534-35 (7th Cir. 1999) ("Congress
4 could have written a statute making exhaustion a precondition to judgment, but it did not. The
5 actual statute makes exhaustion a precondition to *suit*.") (emphasis original). Section 1997e(a)
6 "clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable
7 requirement. Exhaustion subsequent to the filing of the suit will not suffice." *McKinney*, 311
8 F.3d at 1198 (quoting *Medina-Claudio v. Rodriquez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002)).

Accordingly, Plaintiff's entire action is DISMISSED, without prejudice, for failing to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e.

### IV. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). In addition, Plaintiff's entire action is **DISMISSED**, without prejudice for failing to exhaust his available administrative remedies prior to bringing suit pursuant to 42 U.S.C. § 1997e.

The Clerk of Court shall close the file.

**IT IS SO ORDERED**.

DATED: August 19, 2010

Hon. Michael M. Anello
United States District Judge